UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERMANTOWN TRUST AND SAVINGS BANK,

    Plaintiff,

    v.

U.S. BANK and SECURA INSURANCE
COMPANIES,

    Defendants.

Case No. 19-cv-352-JPG

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter arose in the aftermath of June 2017 hail and wind damage to Schuette's Market ("the Market"), a grocery store in Troy, Illinois. The weather caused approximately $150,000 in damage. At the time, plaintiff Germantown Trust and Savings Bank ("Germantown") held the first mortgage on the Market's real property and the Small Business Growth Corporation/Small Business Administration held a second mortgage. Secura insured the Market's real property. After the hail and wind damages, the Market filed a claim with Secura, which issued a check in the amount of the claim. The check was payable to: "SCHUETTE'S MARKET, GERMANTOWN TRUST & SAVING BANK, AND SMALL BUSINESS GROWTH CORPORATION AND US SMALL BUSINESS ADMINISTRATION." The Market presented the check to U.S. Bank with the Market's endorsement but no other endorsements, and U.S. Bank deposited the funds into the Market's account. Germantown, believing it was entitled to the insurance payment as first mortgagee on the Market's property, asked U.S. Bank for the funds, but U.S. Bank refused to turn them over.

In March 2019, Germantown filed this lawsuit claiming U.S. Bank violated the Uniform Commercial Code, 810 ILCS 5/3-109, and improperly converted funds to which Germantown

was entitled (Count 1) and that Secura breached a contract by failing to pay the insurance proceeds to Germantown as the first mortgagee (Count II).[1]

This matter comes before the Court today on the motions for summary judgment filed by Secura (Doc. 25) and U.S. Bank (Doc. 31), both filed on January 15, 2020. U.S. Bank has responded to Secura's motion (Doc. 35), and Germantown has responded to neither. Pursuant to Local Rule 7.1(c), Germantown's response was due 30 days after the motion to dismiss was filed, but 30 days have passed and Germantown has not responded. The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. Local Rule 7.1(c). The Court hereby **ORDERS** Germantown to **SHOW CAUSE** on or before April 24, 2020, why the Court should not construe its failure to timely respond to the motions for summary judgment as an admission of the merits of the motions and grant summary judgment for both defendants. Failure to respond in a timely manner to this order may result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). A response to the defendants' motions for summary judgment will satisfy this order to show cause.

The Court further addresses Secura's motion to strike (Doc. 38) U.S. Bank's response (Doc. 35) to its motion for summary judgment. The Court understands that the true opponents in this litigation are Secura and U.S. Bank. They essentially agree that someone owes Germantown money but point the finger at each other; Germantown likely doesn't care a whit about who pays it as long as it gets paid. Secura argues that since they have not filed cross claims against each

---

[1] It appears that the Market is no longer in business so may not be a source of relief for Germantown.

other, the codefendants lack standing to oppose each other's motions for summary judgment. They cite a number of cases so holding including, from this district, *Garnett v. Guarantee Electrical Company*, No. 13-cv-1326-SMY-DGW, 2015 WL 5442436, *1 (S.D. Ill. Sept. 15, 2015). Indeed, there are numerous cases so holding. *See Meinert v. U.S. Steel Corp.*, No. 2:12CV92, 2014 WL 772613, at *2 (N.D. Ind. Feb. 25, 2014); *Rosenbaum v. Freight, Lime & Sand Hauling, Inc.*, No. 2:10-CV-287, 2012 WL 4832248, *2-3 (N.D. Ind. Oct. 10, 2012) (collecting cases); *Blonder v. Casco Inn Residential Care, Inc.*, No. CIV. 99-274-P-C, 2000 WL 761895 (D. Me. May 4, 2000).

In those cases, though, questions of fact crucial to the plaintiff's claims were in issue on summary judgment, and the plaintiff's failure to respond admitted those facts. For example, in *Garnett*, the issue was who controlled the part of a construction worksite where the plaintiff tripped and was injured. *Garnett*, 2015 WL 5442436, at *1. Each potentially liable defendant filed a motion for summary judgment supported by evidence that it was not responsible for the tripping hazard, and the plaintiff did not respond to any of the motions. *Id.* at *1-2. Because the plaintiff did not respond, the Court ended up taking the facts that each defendant asserted on summary judgment as true—that none of them was responsible for the tripping hazard—and granting them all summary judgment. *Id.* at *2-3. Similarly, *Rosenbaum* involved a chain reaction traffic accident where there was a question of fact about which defendant's vehicle hit the vehicle in front of it first, causing the further chain reaction collisions. *Rosenbaum*, 2012 WL 4832248, *1. The middle link in the chain filed a summary judgment motion claiming it was first hit by the vehicle behind it, causing the middle link to collide into the plaintiff. *Id.* The plaintiff did not respond to that motion. *Id.* The court did not allow the rearmost vehicle in the chain to submit evidence to contradict the middle link's evidence because there was no cross

3

claim between the two and instead, in light of the plaintiff's failure to respond, granted summary judgment for the middle link, leaving the rearmost vehicle to continue in the case. *Id.* at *3.

This case is distinguishable in that the question is solely one of law—specifically, whether the check issued by Secura was payable to the payees alternatively or jointly—where the plaintiff cannot establish the appropriate rule of law simply by not responding to a defendant's motion. It is like an inverse interpleader, where the plaintiff sees that one or the other defendant owes it a debt and "leaves them to fight things out," not really having any interest (or caring) which defendant wins. *Foster McGaw Hosp. of Loyola Univ. of Chi. v. Bldg. Material Chauffeurs, Teamsters & Helpers Welfare Fund of Chi., Local 786*, 925 F.2d 1023, 1024 (7th Cir. 1991). In interpleader cases, adverse claimants to a sum of money—the real parties in interest—file and respond to their respective motions for summary judgment even though they technically do not have claims against each other. *See, e.g., Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 945 (7th Cir. 2013).

The Court sees no reason to treat this case differently than an interpleader case with respect to who has standing to opine on summary judgment motions where the sole legal issue will be dispositive of the claims against both defendants. In such a circumstance, the Court believes it would be appropriate to entertain response briefs from each defendant to the other's motion and to decide both motions at the same time. Accordingly, the Court **DENIES** Secura's motion to strike (Doc. 38) but **ORDERS** that it shall have up to and including April 24, 2020, to respond to U.S. Bank's motion for summary judgment.

**IT IS SO ORDERED.**
**DATED: March 30, 2020**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**